```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
                                            MEMORANDUM AND ORDER
                                              99-CV-3126(DRH)
In re NASSAU COUNTY STRIP                     99-CV-2844(DRH)
SEARCH CASES                                  99-CV-4238(DRH)

-------------------------------X
A P P E A R A N C E S:

For Plaintiffs:
    Beldock Levine & Hoffman LLP
    99 Park Avenue, Suite 1600
    New York, New York 10016
      By: Robert L. Herbst, Esq.
          Jonathan C. Moore, Esq.
          Vera M. Scanlon, Esq.

    Emery Celli Brinckerhoff & Abady LLP
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
      By: Matthew D. Brinckerhoff, Esq.

    Wolf Haldenstein Adler Freeman & Herz, LLP
    270 Madison Avenue
    New York, New York 10016
      By: Jeffrey G. Smith, Esq.

For Defendants:
    Lorna B. Goodman
    Nassau County Attorney
    One West Street
    Mineola, New York 11501
      By: Dennis J. Saffran, Esq.
          Liora Ben-Sorek, Esq.
```

HURLEY, Senior District Judge

        The captioned case is scheduled for trial beginning on September 8, 2009. The subject of that trial will be the general damages sustained by class members as a result of being strip searched at the Nassau County Correctional Center following their

arrest for non-criminal offenses and/or misdemeanors.  See Court's Mar. 27, 2008 Mem. and Order.

The purpose of this memorandum is to address certain unresolved issues that were raised during the course of the on-record pretrial conference held on March 11, 2009, viz. (1) which party shall pay the costs associated with class notification; (2) should each party be required to select its trial witnesses from a limited pool of class members chosen via some type of statistically random process in an effort to place a representative cross-section of the aggrieved individuals before the jury, or should each party be entitled to select its witnesses from amongst the entire class membership, and (3) whether the witnesses called at trial will be permitted to testify solely as to the details of the strip search that he or she experienced (such as the time, location, duration, lighting, others present etc.), or should the permissible scope of the examinations include not only such factual information, but also any concomitant feelings of humiliation, embarrassment or other reaction experienced by the witness as a result of the process. In addition, the parties will be provided in this memorandum with a schedule for certain filings prior to trial and the exchange of exhibit and witness lists, as well as advised whether some or all of those witnesses may be deposed by opposing counsel prior to trial.  These various items will be discussed seriatim.

1. <u>Cost of Class Notification</u>

Typically, plaintiffs bear the cost of class notification. <u>Eisne v. Carlisle & Jacquelin</u>, 417 U.S. 156, 178 (1974). Here, however, the defendants have admitted liability, and each member of the class is presumptively entitled to an award of general damages to compensate for the violation of the right to human dignity. <u>See</u> Court's Mar. 27, 2008 Mem. and Order. Plaintiffs contend, based on the above circumstances, that the costs of notifying the class members should be borne by the defense. Defendants concede "that the bulk of the case law holds that the initial cost of class notification may be shifted to the defendants when certification occurs after a finding of liability." Defs. Letter of March 2, 2009 at 5. They argue, however, that (a) plaintiffs may recover a de minimis amount at trial, in which event the subject costs should be their responsibility, not defendant's, (b) if that occurs, recoupment from plaintiffs of the monies advanced by the County, as a practical matter, would be nigh impossible, and (c) to avoid that potential problem, plaintiffs should be directed to pay the initial costs of notification subject to the issue being revisited, if necessary, post-trial.

As the court in <u>Macarz v. Transworld Sys, Inc.</u>, 201 F.R.D. 54 (D. Conn. 2001) noted: "Although the Supreme Court in <u>Eisen v. Carlisle & Jacquelin</u> 417 U.S. 156, 94 S. Ct. 2140, 40

L. Ed.2d 732 (1974), held that '[t]he usual rule is that a plaintiff must initially bear the cost of notice to the class,' a number of courts have held that where notice is to occur after liability has been determined, the defendant appropriately bears the costs." 201 F.R.D. at 58-59 (citing Hartman v. Wick, 678 F. Supp. 312, 328-29 (D.D.C. 1988); Catlett v. Missouri Highway and Transp. Comm'n, 589 F. Supp. 949, 951 (W.D. Mo. 1984); Six Mexican Workers v. Arizona Citrus Growers, 641 F. Supp. 259, 264 (D. Ariz. 1986); Meadows v. Ford Motor Co., 62 F.R.D. 98, 101 (W.D. Ky. 1973)). Indeed, in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358-59 (1978), the Supreme Court, while cautioning courts not to deviate too far from the rule that representative plaintiffs should bear the cost of notice, recognized that there are "instances in which a district court might be justified in placing the expense on a defendant."

In this case, it is appropriate for the defendants to bear the cost of notice. It may be that under different circumstances the potential of a de minimis award might require that the cost of notice remain with the representative plaintiffs. Here, however, the certified class includes over 17,000 individuals. Even an award of only $10.00 per class member would yield $170,000.00. As there is no suggestion that the cost of notice will come close to approaching, no less exceeding, that amount, defendants' concerns about the inability

-4-

to recoup the monies advanced are unwarranted.  Accordingly, defendants shall pay the notification costs subject to the following preconditions: (a)within seven (7) calendar days of the date hereof, plaintiffs shall identify the class administrator they intend to use, together with that individual's resume, and a proposed budget for notification including, without limitation, the cost of the administrator's services and the costs of mailing and media publication; (b) should defendants object to the qualifications of the class administrator or to amounts likely to be expended, they may serve and file, within seven (7) calendar days of their receipt of the information, objections; and (c) in the event defendants file objections, no obligations shall be incurred until the Court resolves the matter.

    2.   <u>Trial Procedure</u>

Items 2 and 3 are intertwined.  Which is to say, if the trial witnesses were permitted to testify concerning the humiliation and other effects that the strip search had upon them with the thought that such information would assist the trier of fact in determining a single dollar amount of general damages for each class member, then I believe the use of a random selection process to create a pool from which witnesses would be called would be the appropriate way to proceed.  Otherwise, the amount determined by the jury would be less likely to be representative of the general damage sustained by each member of the class,

given that, if provided a choice, plaintiffs' counsel surely, and legitimately so, would call to the stand those plaintiffs among the 17,000 plus class members they believed to be the most severely impacted from being strip searched. By excluding such specific impact evidence from this part of the proceeding, however, the problem of a non-representative per plaintiff amount being returned by the jury is essentially eliminated. Therefore, each party will be able to call up to ten fact witnesses from the class, which witnesses will testify solely concerning the details of the search without any information concerning the effect that the search had upon them.[1] See generally, id. at 12-13, and Kerman v. City of New York, 374 F.3d 93, 122-23 (2d Cir. 2004)("In addressing Kerman's contention that he should have a new trial on damages because he was entitled to compensation as a matter of law, we view the record in the light most favorable to Crossan as the party against whom a new trial is sought. Taking the record in that light, we conclude that Kerman is not entitled to a new trial with respect to damages for his claimed physical pain, mental suffering, humiliation, psychological deterioration, and medical expenses, but that he should have been granted a new trial with respect to damages for his loss of liberty" [cites deleted]), and Raysor v. Port Authority, 768 F.2d 34, 39 (2d Cir.

---

[1] The parties may also, of course, call to the stand other individuals, i.e. non-class members, who possess relevant information.

1985). This line of demarcation as to the parameters of permissible testimony will not negatively effect any individual plaintiff because to the extent such individual did sustain humiliation, embarrassment or emotional distress, those items may be pursued during the special damages portion of the proceeding which will be held before another jury.[2]

In sum, each party will be permitted to call up to ten class factual witnesses at the trial to be selected as that party deems appropriate. However, such witnesses' testimony will be confined to the details surrounding the search, coupled with some background information which may assist the jury in determining their credibility. Absent from their testimony, however, will be any references to the ultimate outcome vis a vis the charged conduct, and what effect, if any, the strip search had on them.

3. Witness and Exhibit List

The parties shall exchange witness lists on or before May 15, 2009. Each party shall have the right to depose one or more or all of the other parties' proposed witnesses. If either party intends to call an expert, the name of that expert, along with a copy of his or her report shall be furnished, on or before

---

[2] As indicated in the Court's decision of March 24, 2008, the Court, consistent with the parties' presentations, has thus far only addressed general damage class certification; at the conclusion of this phase of the proceeding, the court and the parties will discuss what further damage subclasses should be certified, if any, and how the remainder of the case will be resolved.

May 15, 2009, to opposing counsel consistent with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

    4.   <u>Trial Filings</u>

The Court establishes the following schedule for filings prior to trial, dispensing with the usual deadlines set forth in its Individual Rules: (1) proposed voir dire, jury instructions, and verdict sheets shall be filed by July 31, 2009; (2) all in limine motions shall be fully briefed and filed no later than August 10, 2009; and (3) to the extent that the parties can agree to any facts, a statement of stipulated facts shall be filed no later than August 24, 2008.

    SO ORDERED.

Dated:   Central Islip, New York
          March 16, 2009

                      /s/
                      Denis R. Hurley
                      Senior District Judge