```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
                                              MEMORANDUM AND ORDER
                                                99-CV-3126(DRH)
In re NASSAU COUNTY STRIP                       99-CV-2844(DRH)
SEARCH CASES                                    99-CV-4238(DRH)

-------------------------------X
A P P E A R A N C E S:

For Plaintiffs:
     Beldock Levine & Hoffman LLP
     99 Park Avenue, Suite 1600
     New York, New York 10016
        By: Robert L. Herbst, Esq.
            Jonathan C. Moore, Esq.
            Vera M. Scanlon, Esq.

     Emery Celli Brinckerhoff & Abady LLP
     75 Rockefeller Plaza, 20th Floor
     New York, New York 10019
        By: Matthew D. Brinckerhoff, Esq.

     Wolf Haldenstein Adler Freeman & Herz, LLP
     270 Madison Avenue
     New York, New York 10016
        By: Jeffrey G. Smith, Esq.

For Defendants:
     Lorna B. Goodman
     Nassau County Attorney
     One West Street
     Mineola, New York 11501
        By: Dennis J. Saffran, Esq.
            Liora Ben-Sorek, Esq.


HURLEY, Senior District Judge
```

The purpose of this memorandum is to address certain issues that have been raised with respect to class notification and the cost therefor. See Letters dated March 19, 2009, March 23, 2009, March 25, 2009, March 30, 2009 and April 6, 2009.

**Background**

By way of background, the Court, by Memorandum and Order dated March 16, 2009, directed that the defendants pay the costs of class notification subject to the following preconditions: (a) within seven (7) calendar days of the Order, plaintiffs were to identify the class administrator they intend to use, together with that individual's resume, and a proposed budget for notification including, without limitation, the cost of the administrator's services and the costs of mailing and media publication; (b) should defendants object to the qualifications of the class administrator or to amounts likely to be expended, they may serve and file, within seven (7) calendar days of their receipt of the information, objections; and (c) in the event defendants file objections, no obligations shall be incurred until the Court resolves the matter.

Having received the notification information from the plaintiffs, defendants have raised the objections discussed below relating to (1) publication and (2) use of the administrator.

**Discussion**

**I. Publication Issues**

Defendants' first objection relates to publication of the abbreviated class notice. Plaintiffs propose that the abbreviated class notice be published three time in each of the following newspapers over a six week period: Newsday, Mundo

Hispano, Noticia Hispanoamericana, New York Post, New York Daily News and New York Times. Defendants' objection to the proposed publication is threefold. First, Defendants maintain that the proposed publication in The New York Times, the cost of which, approximately $78,000, "dwarf[s] the total cost of all the other publications combined"[1] is a waste of resources given that the demographics of its readership do not match Plaintiff's asserted demographics of the class. Second, defendants argue that because the cost of three insertions in the Daily News is approximately $29,000, while the cost of three insertions in the New York Post, which has a much larger circulation, is approximately $7,500.00, the abbreviated notice should be published in the Daily News only once, perhaps on a Sunday when the cost would be approximately $12,000.00. Finally, defendants oppose plaintiffs' request that the Court "order the defendants to pay each publication invoice within five days of its submission to the county's attorneys."

Federal Rule of Civil Procedure 23(c)(2)(B) requires, for a class certified pursuant to Rule 23(b)(3), that a court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(b). In this instant case, publication of the abbreviated notice is in addition to (1)individually mailed

---

[1] March 25, 2009 Letter from County of Nassau.

notices to the members of the class, whose name have been identified via the defendants' records, and (2) the posting of notices in various places around the Nassau County.  Given the differences between the demographics of the members of the class as reported by plaintiffs and the demographics of the readership of The New York Times and the cost of said notice, the Court agrees that publication of the abbreviated notice in The New York is not "'reasonably calculated, under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  Wright & Miller, 7AA Federal Practice & Procedure § 1786 (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950).  Accordingly, the publication of the abbreviated notice shall not be made in the New York Times.

With respect to Defendants' objection to the proposed publication in the Daily News, it is denied.  Defendants' objection is based solely on the cost thereof.  No information is provided as to existence of a significant overlap in the readership of the Daily News and the New York Post.  Absent such information, the proposed cost does not in and of itself render such publication as not "reasonably calculated under the circumstances" to give notice to proposed class members.

Finally, regarding payment of the invoices, the Court directs that defendants pay the invoices as they would typically

pay a vendor in the normal course of business.

**II. Issues Regarding the Administrator**

According to defendants, their "differences with plaintiffs on the use of an administrator apply only to the initial printing and mailing of notices." Letter of March 30, 2009. It seems to the Court that the dispute can be boiled down to the need to pay the administrator selected by plaintiffs, Rosenthal & Company LLC ("Rosenthal"), for the preparation of a database for the mailing and barcoding. Defendants contend that given the database turned over by defendants no database need be prepared and barcodes can be assigned simply to names and addresses. Plaintiffs respond that simply attaching bar codes to names and addresses will not allow for the tracking if the name or address changes from the original listing.

Having examined the explanation for the need for Rosenthal's data set-up, i.e. the ability to track mailings through the process of updating names and addresses, the Court is satisfied that the expense is consistent with the standard of providing notice "reasonably calculated, under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Wright & Miller, 7AA Federal Practice & Procedure § 1786 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Such an ability is particularly important in cases such as this one given

the large size of the class and the likely "transient nature"[2] of its members.

Finally, the Court notes that Rosenthal is willing to work with the defendants' contractor to do the initial mailing. The Court expects that the parties shall endeavor to work out the particulars of that combined effort.

**SO ORDERED.**

Dated:   Central Islip, New York
         April 7, 2009

                                  /s/
                                  Denis R. Hurley
                                  Senior District Judge

---

[2] Letter of March 23, 2009.