UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X

In re NASSAU COUNTY STRIP
SEARCH CASES

MEMORANDUM AND ORDER
99-CV-3126(DRH)
99-CV-2844(DRH)
99-CV-4238(DRH)

----------------------------------------------X

A P P E A R A N C E S:

For Plaintiffs:
    **Beldock Levine & Hoffman LLP**
    99 Park Avenue, Suite 1600
    New York, New York 10016
      By:   Robert L. Herbst, Esq.
             Jonathan C. Moore, Esq.
             Vera M. Scanlon, Esq.

    **Emery Celli Brinckerhoff & Abady LLP**
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
      By:   Matthew D. Brinckerhoff, Esq.

    **Wolf Haldenstein Adler Freeman & Herz, LLP**
    270 Madison Avenue
    New York, New York 10016
      By:   Jeffrey G. Smith, Esq.

For Defendants:
    **Lorna B. Goodman**
    **Nassau County Attorney**
    One West Street
    Mineola, New York 11501
      By:   Dennis J. Saffran, Esq.
             Liora Ben-Sorek, Esq.

**HURLEY, Senior District Judge**:

      The captioned case is a class action which is scheduled for trial beginning on September 8, 2009. The subject of that trial will be the general damages sustained by class members as a result of being strip searched at the Nassau County Correctional Center following their arrest for

non-criminal offenses and/or misdemeanors.  (*See* Mar. 27, 2008 Mem. and Order.)  In a Memorandum and Order dated March 16, 2009, the Court addressed certain trial procedure issues and ruled, inter alia, that each party could call up to ten class witnesses and "shall have the right to depose one or more or all of the other parties' proposed witnesses." (*See* Mar. 16, 2009 Mem. and Order at 6,7.)

The purpose of this memorandum is to address defendants' request that they be allowed to communicate with class members in order to identify potential class witnesses. Defendants maintain that, as they have had no regular contact with members of the class, "[they] simply have no way to assess the strengths and weaknesses of potential witnesses that [they] identify without actually speaking to them beforehand" and that the court can permit defense counsel to communicate with members of the plaintiff class, even after certification, where necessary for the preparation of a defense. (Defs.' Apr. 30, 2009 Letter at 2.)  Plaintiffs oppose the request arguing that "[d]efendants should not be allowed to circumvent the attorney-client relationship to encourage the class members to make un-counseled statements or otherwise work against their own interests."  (Pls.' May 8, 2009 Letter at 3.)  Alternatively, plaintiffs maintain that in the event the Court believes that defendants should have some means to interview certain class members, then the following conditions should be required: "All initial contact and requests for interviews should be made through class counsel.  Such interviews should occur only with each such individual's express written consent to such an interview and only on the subjects relevant to the trial.  Class counsel should be present at any interview.  No inquiry by defense counsel as to the nature, subject, timing or substance of any communications between class counsel and class members should be allowed."  (*Id.*)  Defendants do not object to the imposition of a number

of the foregoing conditions suggested by plaintiffs. "Specifically, [defendants] would agree that any class member interviewed must give express written consent to the interview; that all questions would be limited to subjects relevant to the trial; and that no inquiry would be allowed as to the nature, subject and timing or substance of any communications with class counsel - with the sole exception that [they] could ask whether the interviewee had spoken with counsel," this latter proviso allegedly needed in order to detect if there is a pattern of attempting to dissuade class members from speaking with them. (Defs.' May 15, 2009 Letter at 5.) Defendants object to the other conditions, principally on the grounds that they would turn these preliminary interviews into formal adversary proceedings. (*Id.* at 5-6.)

Having reviewed the parties submission, defendants' request is denied. Although it may be permissible for a court to enter an order allowing defense counsel to conduct ex parte interviews of class members in certain circumstances, *see, e.g., Fulco v. Continental Cablevision, Inc.*, 789 F. Supp. 45 (D. Mass. 1992), such an order is not warranted in this case. As set forth in this Court's Memorandum and Orders dated March 16, 2009 and May 11, 2009, the scope of the testimony of class witnesses shall be limited to their describing the circumstances of the strip search "without any information concerning the effect that the search had upon them." (Mar. 16, 2009 Order at 6; May 11, 2009 Order at 2.) Given that limitation and despite the absence of any evidence that defendants or their counsel would engage in any overreaching, the Court believes that ex parte interviews are unnecessary. Defendants are free to notice depositions of class members in order to identify those class members they wish to call at trial. In view of the circumstances, including the number of potential class members, defendants make take up to twenty-five (25) such depositions, without prejudice to an application to increase said number.

Given the upcoming trial date and the deadlines set by the Court in connection therewith, the Court is confident that the parties shall endeavor to cooperate in scheduling depositions on abbreviated notice.

**SO ORDERED**.

Dated: Central Islip, New York
May 20, 2009

/s/
Denis R. Hurley
Senior District Judge