UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

                                                                                    **ORDER**
                                                                                     99-CV-3126(DRH)

In re NASSAU COUNTY STRIP              99-CV-2844(DRH)
SEARCH CASES                                    99-CV-4238(DRH)

-------------------------------X

**APPEARANCES**:

**For Plaintiffs**:

    Giskan Solotaroff Anderson & Stewart LLP
    11 Broadway suite 2150
    New York, New York 10004
    By:    Robert L. Herbst, Esq.

    Beldock Levine & Hoffman LLP
    99 Park Avenue, Suite 1600
    New York, New York 10016
     By:    Vera M. Scanlon, Esq.

    Emery Celli Brinckerhoff & Abady LLP
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
     By:    Matthew D. Brinckerhoff, Esq.

    Wolf Haldenstein Adler Freeman & Herz, LLP
    270 Madison Avenue
    New York, New York 10016
     By:    Jeffrey G. Smith, Esq.

**For Defendants**:
    Lorna B. Goodman
    Nassau County Attorney
    One West Street
    Mineola, New York 11501
     By:    Dennis J. Saffran, Esq.
                Liora Ben-Sorek, Esq.


       The purpose of this Order is to address the dispute presented in the parties' letters dated September 4, 2009, September 8, 2009, and September 9, 2009 concerning opt-out issues.

The parties are in agreement regarding Jose Silva and Walter M. Alvarez. Having reviewed the matter, the Court agrees with the parties' consensus. Accordingly, Walter Alvarez who is a class member, as opposed to the Walter M. Alvarez who received the notice and indicated he was never arrested in New York, shall remain a member of the class. Further, the determination as to Mr. Jose Silva's status shall be held in abeyance pending his written confirmation that he wishes to remain in the class.

The Court now turns to the parties' dispute regarding Mr. William Potts. First, whether as a "member of the class" witness or a fact witness, Mr. Potts is subject to being called as a witness by the Defendants. Parenthetically, the Court notes that, in the absence of authority to the contrary, whether Mr. Potts should be excluded or remain as a member of the class depends entirely on whether he properly opted out in accordance with the deadline established by this Court. Second, Defendants' request for an opportunity to speak to Mr. Potts to address his housing concerns is granted to the following extent: Defendants shall be permitted to speak telephonically with Mr. Potts, with counsel for Plaintiffs participating in the telephone call, solely to address Mr. Potts' housing concerns. Finally, it would be inappropriate, as violative of due process, for the Court to Order the New York State Department of Correctional Services to maintain Mr. Pott's housing assignment. If the County is able to assist Mr. Potts in that regard, they are free to do so.

**SO ORDERED.**

Dated: Central Islip, New York
September 2, 2009

/s/
Denis R. Hurley
Senior District Judge