UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANCIS O'DAY, et al.,

                        Plaintiffs,                 **ORDER**
                                                                          CV 99-2844 (DRH)(ARL)

       -against-

NASSAU COUNTY SHERIFF'S DEPARTMENT,
et al.,

                        Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is the defendants' letter application dated September 16, 2009, seeking a ruling concerning the deposition of the plaintiff class member Oscar Avelar. The defendants contend that Mr. Avelar needed a Spanish interpreter because he did not understand certain English words forcing defense counsel to continuously rephrase questions. The court has reviewed the entire transcript and finds that the defendants' application lacks merit. Mr. Avelar has absolutely no difficulty understanding the questions posed and his answers were clear and responsive. Accordingly, the defendants may not re-open Mr. Avelar's deposition.

       Also before the court is the plaintiffs' request for two rulings concerning instructions not to answer certain questions posed to defense witnesses. Specifically, correction officers were directed not to answer questions aimed at determining whether the officers had ever been strip searched, how the strip search was performed and what harm they experienced. The officers were also directed not to disclose the home addresses of either current or retired officers. Defense counsel's direction to the witnesses not to answer questions concerning their personal experiences with strip searching was a clear violation of Rule 30(c)(2), however, the court will not order that the witnesses be recalled for a continued deposition. Because this line of questioning is irrelevant to the remaining issue in this case, the court directs only that the witness Jorgensen provide a written response to the questions whether he/she was ever strip searched and when. To the extent plaintiff seeks to learn the home addresses of corrections officers, that request is denied. Plaintiff's counsel may contact any such law enforcement witnesses by serving notice on defense counsel who in turn is directed to make appropriate arrangements for service.

Dated:  Central Islip, New York                           **SO ORDERED:**
          September 30, 2009

                                                                    _____/s/_____
                                                                    ARLENE R. LINDSAY
                                                                    United States Magistrate Judge