UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

In re NASSAU COUNTY STRIP
SEARCH CASES
----------------------------------------------------X

**ORDER**

99-CV-2844(DRH)

**APPEARANCES**:

**For Plaintiffs**:

    Giskan Solotaroff Anderson & Stewart LLP
    11 Broadway suite 2150
    New York, New York 10004
    By:    Robert L. Herbst, Esq.
           Oren Giskan, Esq.

    Beldock Levine & Hoffman LLP
    99 Park Avenue, Suite 1600
    New York, New York 10016
     By:   Vera M. Scanlon, Esq.

    Emery Celli Brinckerhoff & Abady LLP
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
     By:   Matthew D. Brinckerhoff, Esq.
           Mariann Wang, Esq.

    Wolf Haldenstein Adler Freeman & Herz, LLP
    270 Madison Avenue
    New York, New York 10016
     By:   Jeffrey G. Smith, Esq.
           Martin Restituyo, Esq.

**For Defendants**:

    Lorna B. Goodman
    Nassau County Attorney
    One West Street
    Mineola, New York 11501
     By:   Dennis J. Saffran, Esq.
           Liora Ben-Sorek, Esq.

**For Movant:**

    Marilyn Bloch, Pro Se
    6031 Polk St., Apt. 8
    Hollywood, Fla. 33224

**HURLEY, Senior District Judge:**

Presently before the Court is the application of Marilyn Bloch ("Bloch") to be a named plaintiff in this class action. The application is opposed by both Plaintiffs and Defendants. For the reasons set forth below, the application is denied.

The class certified in this action consists of all persons "arrested for misdemeanors or non-criminal offenses in Nassau County who thereafter were strip searched at the Nassau County Correctional Center pursuant to defendants' blanket policy, practice and custom which required that all arrestees be strip-searched upon admission to the facility from May 20, 1996 until and including June 1, 1999." Class counsel has advised the Court that Bloch and her father are members of the class.

Rule 23 provides that a class representative must fairly and adequately represent the interests of the class. Bloch's application does not address her ability to fairly and adequately represent the class. Moreover, it is apparent based on Bloch's affidavit that she seeks to become a named plaintiff in order to vindicate the rights of her father who she claims was illegally held in the jail and whose bail she claims was illegally not accepted. (*See* Affidavit in Supp. ¶ 2-4.) These claims are outside the scope of the issues pertinent to this class action.

To the extent that the application may be deemed a motion to intervene under Fed. R. Civ. P. 24, it is untimely given the pendency of this action for more than ten years.

The application is denied.

**SO ORDERED.**

Dated: Central Islip, New York
        April 23, 2010

                                        /s/
                                        Denis R. Hurley
                                        Senior District Judge