UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

                      **MEMORANDUM & ORDER**
                      99-CV-2844 (DRH)

In re NASSAU COUNTY STRIP
SEARCH CASES

--------------------------------------------------X

**A P P E A R A N C E S:**

**For Plaintiffs:**
    Herbst Law PLLC
    420 Lexington Avenue - Suite 300
    New York, New York 10170
    By:    Robert L. Herbst, Esq.

**For Defendants:**
    Nassau County Attorney's Office
    Carnell T. Foskey
    County Attorney
    One West Street
    Mineola, New York 11501
    By:    Liora M. Ben-Sorek, Esq.

**HURLEY, Senior District Judge**:

The purpose of this Memorandum and Order is to address (1) the methodology by which class claimants are to be paid, and (2) the procedures for handling "book and bail" claims.

Turning first to the methodology of payment, the question is whether payments to eligible class members should be made directly by the U.S. Treasury in conjunction with the E.D.N.Y. Clerk's Office, which is currently in possession of the funds deposited by defendant Nassau County in order to effectuate the judgment entered in this matter on April 11, 2014, or whether sufficient funds to satisfy filed claims should be periodically wired by the Clerk's Office to the class administrator, KCC Class Action Services LLC ("KCC"), who will then issue payment checks and track their processing. Defendants favor the former method, while plaintiffs propose

the latter.

Having considered the parties' positions, it is the Court's view that the better approach is to have funds transmitted periodically to the claims administrator and have the administrator issue and track the processing of payment checks. First, given the newness of the current procedure whereby the Clerk's Office notifies the Treasury Department and it is Treasury that issues the checks,[1] the Court is concerned about the ability to track returned checks. Moreover, given the amount of time that has passed without recompense to claimants, it would seem more expeditious to have claimants deal with only one entity, i.e. KCC, rather than two. Finally, although the Court is sensitive to the fiscal concerns of Defendant Nassau County, the relatively minimal cost of having KCC administer and track the processing of payments is warranted, especially in view of the expressed concern that the alternative may actually result in increased costs. Accordingly, the following shall be the procedures followed with respect to the methodology for the payments to claimants.

(1) On or before December 15, 2016, KCC shall transmit to the parties via email a report of all claims received on or before November 30, 2016 on behalf of (a) those individuals identified as having been searched upon their admission to the Nassau County Correctional Facility ("NCCC") for non-felony member ("class members") and (b) those individuals who have at least one admission to NCCC as a class member and at least one admission as a book and bail ("hybrid claimant") and for each such individual identified state the amount due that individual (as a class member), including post-judgment interest calculated in accordance with 28 U.S.C. §

---

[1] Under prior practice, the Clerk's Office would issue the checks directly and would receive back any checks that were undeliverable.

1961 at the rate of 0.12% per annum, compounded annually, to December 31, 2016 ("Payment Report").[2] Said report shall include the total amount of all claims included therein (with post-judgment interest).

(2) Within five (5) business days of receipt of KCC's report, the parties will prepare and file a proposed order whereby the Court directs the Clerk of Court to pay the total amount listed in the report to KCC and directs KCC to deposit said monies into its judgment account, from which the claims on the report shall be paid.[3]

(3) Thereafter, the process shall be repeated with KCC preparing and transmitting reports every two months, on the 15th of the month (or the next business day to the extent said date may fall upon the weekend or a holiday), until the time to submit claims has ended, which reports shall cover the claims received since the close of the last report to and including the last day of the month preceding the report and shall include post-judgment interest calculated to the last day of the month in which the report is transmitted.

Turning now to the procedures regarding the "book and bail" claimants, the parties have agreed to a general procedure whereby KCC will send defendants the claim forms of all book and

---

[2] Given the difficulty of determining in advance the exact date of payment and in view of the minimal amount of post-judgment interest on the $500 awarded per strip search (approximately $0.60 per year), the Court deems it appropriate to so calculate the amount of post-judgment interest. Should any of the parties object to this calculation, they should so advise the Court within five days and include in the objection any proposed resolution of this problem.

[3] The Court recognizes that plaintiffs have requested that the monies be wired to KCC. Having consulted with the Clerk's Office, plaintiffs are advised that in order to wire funds to KCC, KCC must contact the Clerk's Office and fill-out a vendor form, which form must then be approved by the Treasury Department, a process that takes two to three weeks. Should plaintiffs still wish to proceed in this manner, rather than have checks issued to KCC, KCC should initiate the process as soon as possible and assuming approval is received, the proposed order should direct that the appropriate funds be wired to KCC.

bail and hybrid claimants and defendants will have 90 days to determine whether to challenge those book and bail claims. If they do not challenge a claim, defendants will notify plaintiffs and KCC by email and KCC will proceed to pay the claim. If defendants do challenge a claim, they will so advise plaintiffs and KCC by email and include the basis for their objection, including any relevant documents. Plaintiffs will then have 90 days to investigate the matter and determine whether they agree or disagree with the challenge. If they disagree, they will notify defendants and the Court and arrange for a hearing. If plaintiffs agree with the challenge, they will notify the class member, defendants and the Court; if the class member wishes to contest the challenge himself or herself, plaintiffs will notify the Court and defendants that a hearing is necessary.

The Court has no real issue with the proposed book and bail procedures and therefor adopts them with two minor modifications. First, starting on the tenth of December, 2016 and continuing on the tenth of each month thereafter through March 2018, KCC will send via email a copy of the claim forms of all book and bail and hybrid class claimants received through the end of the prior month; if no such claim forms have been received, KCC shall similarly notify defendants. This would seem to be a better method then the piecemeal notification suggested by the parties. Second, in the event that defendants notify KCC and plaintiffs that they do not object to a particular book and bail claim, KCC shall include said claim in its next Payment Report.

**SO ORDERED.**

Dated: Central Islip, New York
      November 17, 2016                          /s  Denis R. Hurley
                                                           Denis R. Hurley
                                                           United States District Judge