Robert L. Herbst (RH8851)
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, N.Y. 10170
Tel: (646) 543-2354
Fax: (888) 482-4676

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------x    CV 99-3126 (DRH)
In re NASSAU COUNTY                        :          CV 99-2844 (DRH)
STRIP SEARCH CASES                         :          CV 99-4238 (DRH)
                                           :          ECF Case
                                           :
                                           :
                                           :
-------------------------------------------------x
```

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ORDER DIRECTING
<u>NASSAU COUNTY TO GRANT ACCESS TO ELECTRONIC DATABASE</u>**

I. **INTRODUCTION**

This Declaration is respectfully submitted in support of plaintiffs' application for an Order directing Nassau County to grant access to the electronic database maintained by or available to the Nassau County Department of Social Services ("NCDSS") for the purpose of cross-matching it with the electronic database of class members to uncover updated contact information for those class members.

II. **FACTS**

The Claims Administrator has been tasked with sending notices and claims forms to the 17,722 class members who were unlawfully strip-searched between the years of 1996-99 and who are entitled to their monetary recovery after 17 years of litigation. The addresses for these individuals in the electronic database provided by the Nassau County Sheriff's Department ("NCSD") are those listed at the time of their respective incarcerations 18 to 21 years ago. *See* the February 3, 2017 Declaration of Robert L. Herbst ("Herbst Decl."), ¶ 2. Only 12.5% of class members have filed claims for the monetary recovery to which they are entitled. *Id.,* ¶ 3.

At present, the Nassau County Information Technology Department ("NCITD") is creating a new electronic database of class members. While that new electronic database may provide updated contact information for those class members who were re-arrested and admitted to the Nassau County Correctional Center ("NCCC") since 1999, there is no information to suggest that it will identify current addresses or other contact information for more than a small percentage of the 87.5% of class members who have not yet filed claims in response to the prior mailings by the Administrator. *Id.,* ¶ 2.

1

The New York State Department of Social Services ("NYSDSS") maintains an integrated electronic database containing all recipients of public assistance, food stamps, Medicaid, and other benefits and social services, to which the NCDSS has access.

We have proposed to defense counsel that the Claims Administrator provide the old class member database to the NCDSS, and that, upon its completion, the NCITD provide the new class member database to the NCDSS, so that the NCDSS can run the class members and their old contact information through their computerized electronic databases to which they have access, and cross-reference the "hits" for updated address and other contact information for those class members. *Id.,* ¶ 3.

Both the NCSD and NCITD databases will contain the names, dates of birth and social security numbers (where available) of the class members. Upon information and belief, the NCDSS databases also have names, dates of birth and social security numbers so that the cross-referencing and matching can be conducted solely by the computers. Updated contact information for the cross-referenced class members – and only such updated contact information – would then be provided by NCDSS to the Claims Administrator, to be used solely for the purpose of locating the 87.5% of class members who have not yet filed claims for the monetary recovery to which they are entitled. No information would be provided to the Claims Administrator about why the class members are in the NCDSS computers, or what benefits they are receiving. No information from NCDSS would be disclosed to the public or be made publicly available. *Id.*

Defense counsel has contacted representatives of the New York State Department of Social Services ("NYSDSS") and its constituent agencies, the New York State Office of Children and Family Services ("NYSOCFS") and the New York State Office of Temporary

and Disability Assistance ("NYSOTDA"), as well as the New York State Department of Health ("NYSDOH"), notifying them of the current status of the action, the nature of the problem, and seeking permission for the NCDSS to undertake this search. The undersigned has also contacted these representatives by email, assuring them that the limited disclosure of updated contact information (1) would be used solely for the benefit of class members so that they can be located to enable them to recover the money to which they are entitled as a result of the violations of their civil rights, (2) would not involve any public disclosure, and (3) would not be for commercial or political purposes. We sought their consent to the entry of this Court's order directing the limited search requested herein. No response has yet been received with respect to such consent. *Id.,* ¶¶ 4-5.

## III. DISCUSSION

The design and implementation of, and access to, the statewide integrated electronic database, also called the welfare management system, is governed by New York Social Services Law §21, which provides in pertinent part:[1]

> 1. The department shall design and implement a welfare management system which shall be capable of receiving, maintaining and processing information relating to persons who have applied for or been determined eligible for benefits under any program for which the department has supervisory responsibilities under this chapter, for the purpose of providing individual and aggregate data to such districts to assist them in making eligibility determinations and basic management decisions, to the department to assist it in supervising the local administration of such programs, and to the governor and the legislature as may be necessary to assist in making major administrative and policy decisions affecting such programs. Such system shall be designed so as to assist local districts and the state in achieving the following goals:
>
>     . . .

---

[1] The full text of the law may be found at http://codes.findlaw.com/ny/social-services-law/sos-sect-21.html.

    d.   improving data collection and retention techniques and developing uniform reporting forms and procedures;

    e.   initiating implementation of such a system for districts other than the district comprising the city of New York, in a manner compatible with expansion of such system to the district comprising the city of New York;

    f.   being developed and implemented in each social services district, to the extent possible consistent with statewide uniformity, in a manner compatible with maximum utilization of existing data processing systems and capabilities of such district and with minimum local participation by such district in administrative expenditures directly attributable to the design and implementation of such system; and

    g.   achieving such other goals consistent with this chapter and other laws as are desirable for improving the administration of such programs.

2.   The department shall promulgate regulations, specifying the types of information to be collected and transmitted by each social services district to the department, the methods for collection and transmittal of such information, and the procedures for utilization by social services districts of the data maintained by the welfare management system. Any such regulations shall be published for comment at least thirty days in advance of their promulgation and shall be filed with the secretary of state at least sixty days in advance of the effective date of any such requirement.

3.   Information relating to persons applying for or receiving benefits under programs pursuant to this chapter shall be considered confidential and shall not be disclosed to persons or agencies other than those considered entitled to such information in accordance with section one hundred thirty-six of this chapter, when such disclosure is necessary for the proper administration of such programs.

4.   The commissioner of labor and his or her designees shall be entitled to access to the welfare management system and the information contained therein for the purpose of administration of the programs for public assistance recipients set forth in title nine-B of article five of this chapter. Use of the information relating to persons applying for or receiving benefits under such programs by the department of labor will be in accordance with the provisions of this chapter.

5.   The commissioner of health and his or her designees shall be entitled to access to the welfare management system and the information contained therein for the purpose of administration of the program of medical assistance for needy persons set forth in title eleven of article five of this chapter. Use of the information relating to persons applying for or receiving benefits under

4

such program by the department of health will be in accordance with the provisions of section one hundred thirty-six of this chapter.

It appears clear from the text quoted above that the intent of the creation of this integrated database was to permit each County Department of Social Services (like NCDSS) not only to access this State database, but also to create and maintain its own electronic database of recipients of benefit programs under its jurisdiction. In its responsive papers to this motion, we respectfully request defendants to state definitively whether the NCDSS has created and maintains such database.

Section 3 above is a confidentiality and disclosure provision which incorporates Section 136, which provides, in pertinent part:[2]

> 1.   The names or addresses of persons applying for or receiving public assistance and care shall not be included in any published report or printed in any newspaper or reported at any public meeting except meetings of the county board of supervisors, city council, town board or other board or body authorized and required to appropriate funds for public assistance and care in and for such county, city or town; nor shall such names and addresses and the amount received by or expended for such persons be disclosed except to the commissioner of social services or his authorized representative, such county, city or town board or body or its authorized representative, any other body or official required to have such information properly to discharge its or his duties, or, by authority of such county, city or town appropriating board or body or of the social services official of the county, city or town, to a person or agency considered entitled to such information.   However, if a bona fide news disseminating firm or organization makes a written request to the social services official or the appropriating board or body of a county, city or town to allow inspection by an authorized representative of such firm or organization of the books and records of the disbursements made by such county, city or town for public assistance and care, such requests shall be granted within five days and such firm or organization shall be considered entitled to the information contained in such books and records, provided such firm or organization shall give assurances in writing that it will not publicly disclose, or participate or acquiesce in the public disclosure of, the names and addresses of applicants for and recipients of public assistance and care except as expressly permitted by subdivision four. . . .   As used herein a news

---

[2]   The full text may be found at http://codes.findlaw.com/ny/social-services-law/sos-sect-136.html.

5

disseminating firm or organization shall mean and include: a newspaper; a newspaper service association or agency; a magazine; a radio or television station or system; a motion picture news agency.

2. All communications and information relating to a person receiving public assistance or care obtained by any social services official, service officer, or employee in the course of his or her work shall be considered confidential and, except as otherwise provided in this section, shall be disclosed only to the commissioner, or his or her authorized representative, the commissioner of labor, or his or her authorized representative, the commissioner of health, or his or her authorized representative, the welfare inspector general, or his or her authorized representative, the county board of supervisors, city council, town board or other board or body authorized and required to appropriate funds for public assistance and care in and for such county, city or town or its authorized representative or, by authority of the county, city or town social services official, to a person or agency considered entitled to such information. Nothing herein shall preclude a social services official from reporting to an appropriate agency or official, including law enforcement agencies or officials, known or suspected instances of physical or mental injury, sexual abuse or exploitation, sexual contact with a minor or negligent treatment or maltreatment of a child of which the official becomes aware in the administration of public assistance and care nor shall it preclude communication with the federal immigration and naturalization service regarding the immigration status of any individual.

. . .

4. No person or agency shall solicit, disclose, receive, make use of, or authorize, knowingly permit, participate in, or acquiesce in the use of, any information relating to any applicant for or recipient of public assistance or care for commercial or political purposes. Nothing in this or the other subdivisions of this section shall be deemed to prohibit bona fide news media from disseminating news, in the ordinary course of their lawful business, relating to the identity of persons charged with the commission of crimes or offenses involving their application for or receipt of public assistance and care, including the names and addresses of such applicants or recipients who are charged with the commission of such crimes or offenses.

5. A social services official shall disclose to a federal, state or local law enforcement officer, upon request of the officer, the current address of any recipient of family assistance, or safety net assistance if the duties of the officer include the location or apprehension of the recipient and the officer furnishes the social services official with the name of the recipient and notifies the agency that such recipient is fleeing to avoid prosecution, custody or confinement after conviction, under the laws of the place from which the recipient is fleeing, for a crime or an attempt to commit a crime which is a

felony under the laws of the place from which the recipient is fleeing, or which, in the case of the state of New Jersey, is a high misdemeanor under the laws of that state, or is violating a condition of probation or parole imposed under a federal or state law or has information that is necessary for the officer to conduct his or her official duties. In a request for disclosure pursuant to this subdivision, such law enforcement officer shall endeavor to include identifying information to help ensure that the social services official discloses only the address of the person sought and not the address of a person with the same or similar name.

Section 136 clearly provides for the limited disclosure here. This Court and the Claims Administrator obviously each are a "body or official required to have such information properly to discharge its or his duties." Locating class members to assure that the maximum number receive the fruits of the lawsuit which this Court has supervised for 17 years clearly falls within its duties. The defendant Nassau County is clearly a "county" with "authority" to permit the Court to have access "to such information."

If the news media is permitted by this law to have access to the names and addresses and other information in the database to perform its duties as long as there is no public disclosure nor commercial or political use, surely this Court and the Administrator may have access to it in order to vindicate the interests of the class members in receiving their recovery.

The case law emphasizes that "statutory confidentiality of DSS records is not always sacrosanct, and upon the basis of a proper showing they may be released upon court order after an in camera inspection." *People v. McFadden*, 178 Misc. 2d 343, 345, 683 N.Y.S. 2d 694 (1998), *affd,* 283 A.D.2d 1030 (4th Dept. 2001) (holding that Section 136 permits disclosure of DSS records where material in criminal case, and observing that "access has been denied in cases in which the defendant failed to demonstrate any theory of relevancy and materiality, but instead, merely desired the opportunity for an unrestrained foray into

7

confidential records in the hope that the unearthing of some unspecified information would enable him to impeach the witness").

Here, of course, access to the records sought are indisputably relevant and material, with eminently good cause for the limited non-public disclosure and cross-matching. Under these circumstances, we respectfully submit that no permission from the New York State Department of Social Services, or any of its constituent offices like OTDA or OCFS, or from the Department of Health, is required. Nassau County is a defendant, and the Social Services Law authorizes it to gain access to both its own electronic information and the New York State integrated database to cross-match the database of class members, determine if there are updated addresses or other contact information contained therein, and to provide this Court and the Administrator with that information for the sole purpose of locating and contacting such class members to distribute to them the judgment money to which they are entitled.

## IV. CONCLUSION

For the foregoing reasons, we respectfully request that an order issue directing defendant Nassau County to grant the requested access.

Dated: New York, New York
      February 3, 2017             s/ Robert L. Herbst
                                                       _____
                                                       Robert L. Herbst (RH8851)
                                                       HERBST LAW PLLC
                                                       420 Lexington Avenue, Suite
                                                       Suite 300
                                                       New York, N.Y. 10170
                                                       Tel: (646) 543-2354
                                                       Fax: (888) 482-4676

                                                       *Attorneys for Plaintiffs*