Robert L. Herbst (RH8851)
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, N.Y. 10170
Tel: (646) 543-2354
Fax: (888) 482-4676

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re NASSAU COUNTY
STRIP SEARCH CASES

CV 99-3126 (DRH)
CV 99-2844 (DRH)
CV 99-4238 (DRH)
**ECF Case**

--------------------------------------------------------x


**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ORDER DIRECTING
NASSAU COUNTY TO GRANT ACCESS TO ELECTRONIC DATABASE**

This Reply Memorandum of Law is respectfully submitted in support of plaintiffs' application for an Order directing Nassau County to use its access to the Welfare Management System ("WMS") for the purpose of cross-matching it with the electronic database of class members to uncover updated contact information for those class members.

Defendants' opposing brief, and the State agency declarations which defendants have submitted, do not meet the arguments we advanced in support of our motion.  The County concedes that it has access to the WMS.  *Defendants' Memorandum of Law, ("D. Br.") at 2.*[1] We have simply asked the Court to order the County to use its access to the WMS to itself cross-check the WMS with its own database of class members to identify updated contact information, to be used solely to grant those class members the recovery to which their unconstitutional strip-searching at the hands of defendants entitles them.  The County need not provide access to the WMS to plaintiffs' counsel or the Administrator.  The County need not disclose whether any particular class member is collecting or has collected public assistance, or Medicaid, or received child welfare, or adult protective services, or foster care, or adoption services, or adoption subsidy, or domestic violence services.  Accordingly, there really would be no disclosure of any "highly private and confidential information collected and maintained in WMS," nor any "compromise [of] the confidentiality assurances that recipients of child welfare and adult services are entitled to under the law," as feared by Mr. Stupp. *Stupp Decl., ¶21.*  Nor would there be any "client identifiable information on persons recorded in the WMS who are in receipt of Medicaid" as feared by Mr. Tarantino, *Tarantino Decl.*, ¶16, because there would be no disclosure of who is or is not a Medicaid applicant,

_____

[1]    "NCDSS utilizes the New York State electronic records-keeping system."

1

recipient or client.[2]  Nor would there be any "risk [of] data disclosure" – even of updated

contact information – "larger than the class of persons relevant to the instant lawsuit."  *Stupp*

*Decl.*, ¶14.

The County is currently preparing an updated electronic database of class members

with updated contact information of class members from its Department of Corrections and

Department of Probation using the same cross-checking we are seeking here.  If the updated

electronic database also contained updated contact information derived from the WMS,

neither we nor the Administrator would know which updated addresses came from the

County's cross-checking with Corrections and Probation, and which came from the County's

cross-checking with the WMS.  No one would know from whence the updated information

needed to contact class members actually came, so there would effectively be no disclosure

of any OCFS, ODTA or DOH client-related information.  Thus, contrary to Mr. Stupp's

concern, OCFS, ODTA and DOH would not be "impacted" at all "by Plaintiffs' request for

disclosure of information."  *Id.*, ¶ 12.

While Mr. Stupp erroneously claims that there "is no exception permitting disclosure

with regards to a topically unrelated litigation," *id.*, ¶16, neither he nor any of the other

declarants nor defendants have addressed the case law we cited in our original brief, at 7-8,

which provides exceptions to the "statutory confidentiality of DSS records" where such

records are material in other litigation.  *People v. McFadden*, 178 Misc. 2d 343, 345, 683

---

[2]  Ms. Gutierrez similarly misapprehends our request as one that "requests the court to grant access to information that plaintiffs are strictly prohibited by law from even viewing." *Gutierrez Decl.*, ¶4.  Our request would not require plaintiffs or their counsel to "view" any information revealing who is or is not an OTDA applicant, recipient or client.  The only information the Court's appointed Administrator would ultimately "view" would be the updated addresses or other contact information of class members in the County's updated database.

N.Y.S.2d 694 (1998), *aff'd*, 283 A.D.2d 1030 (4th Dept. 2001) (DSS records may be released under SSL §136 upon court order after in camera inspection).  Defendants cannot and do not challenge the materiality of the updated contact information here – the need for it is critical to locating and providing a large number of class members with their recovery in this lawsuit. Therefore, this Court could actually order the WMS addresses and other contact information of class members produced for its own in camera inspection and then released to plaintiffs' counsel and the Administrator for use in locating class members.  But as we noted above, it is not necessary to order such broad release in order to obtain the information – the County can do the electronic cross-checking itself by computer – as long as the County's IT Department does the cross-matching completely, competently and in good faith.

Mr. Stupp, the other declarants and defendants also ignore the other relevant exceptions to confidentiality contained in §136 and noted in our original brief, at 5-7. Disclosure of confidential WMS records and information may also be made to the news media and to law enforcement for purposes having nothing to do with the administration of the programs by OCFS, OTDA or DOH.  *See* §136(1), (2), (4) and (5).  Accordingly, both in the text of §136 and in the case law interpreting it, disclosure may be made to others outside the DSS system – with or without court order -- where there is a material need to do so.  That is precisely the situation here.

While the Stupp Declaration, ¶19, mentions other federal and state confidentiality laws, it does not contend that any of those provisions prohibit the limited disclosure sought here.  Nor could it.  The first provision cited therein, 42 USC 5106a(b)(2)(B)(viii), specifically provides in subsection (V) that disclosure can be made to "a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue

before the court or grand jury." That is precisely the situation here. The other provisions either have similar confidentiality carve-out provisions (SSL §§442(4)(A), 422(5), 427-a, 372, 473-e, 18 NYCRR 423.7, DRL 114, 42 U.S.C. 671(a)(8)), or contain no confidentiality provisions at all (SSL 409-a). The additional provisions cited in the Gutierrez Declaration, ¶¶6 and 9, and the Tarantino Declaration, ¶12, also do not bar disclosure here. *See, e.g.,* 42 U.S.C. 608(a)(9)(B) ("safeguards shall not prevent the State agency administering the program from furnishing a Federal, State or local law enforcement officer, upon request of the officer, with the current address of any recipient[.]"); 42 U.S.C. 602(a)(1)(A)(iv) (requiring State to outline in writing how it intends to take "such reasonable steps as the State deems necessary to restrict the use an disclosure of information about individuals and families receiving assistance under the program attributable to funds provided by the Federal Government."). The limited disclosure sought here is reasonable and fully complies with the New York State confidentiality provisions reviewed in our original brief.[3]

For the reasons set forth in our original brief and herein, there is little doubt that the County is authorized to perform the cross-matching sought herein itself without court order. Because the County has disclaimed that authority without Court order, *D. Br. 3,* a court order is necessary. There is no doubt that this Court is an "official required to have such information properly to discharge its . . . duties[,]" and that, under *McFadden*, it can issue an order directing the County to perform the cross-matching.

As Mr. Stupp notes, at ¶13 of his Declaration, the primary purpose of the WMS, as set forth in the State's Manual on the system, is to "serve the client[.]" Here the WMS can be used by the County to help the client class members receive the recovery to which 17

---

[3]   SSL §21(1) and 18 NYCRR 655.1, also cited in the Gutierrez Declaration, ¶9, contain nothing pertaining to confidentiality.

years of litigation has entitled them.  Neither the County nor the State should lose sight of that purpose here.

WHEREFORE, for the foregoing reasons, we respectfully request that an order issue directing defendant Nassau County to use its access to the WMS to perform the requested cross-checking, and granting such other and further relief to plaintiffs as athe Court deems just and proper.

Dated: New York, New York
      March 16, 2017                      s/ Robert L. Herbst

                                              _____

Robert L. Herbst (RH8851)

HERBST LAW PLLC
420 Lexington Avenue, Suite
Suite 300
New York, N.Y. 10170
Tel: (646) 543-2354
Fax: (888) 482-4676

*Attorneys for Plaintiffs*

5