UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

**MEMORANDUM & ORDER**
99-CV-2844 (DRH)

In re NASSAU COUNTY STRIP
SEARCH CASES

-----------------------------------------------X

**A P P E A R A N C E S:**

**For Plaintiffs:**

Herbst Law PLLC
420 Lexington Avenue - Suite 300
New York, New York 10170
By: Robert L. Herbst, Esq.

Giskan Solotaroff Anderson & Stewart LLP
11 Broadway Suite 2150
New York, New York 10004
By: Iliana Konidaris, Esq.

Beldock Levine & Hoffman LLP
99 Park Avenue, Suite 1600
New York, New York 10016
By: Jonathan C. Moore, Esq.

Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
By: Matthew D. Brinckerhoff, Esq.

Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, New York 10016
By: Jeffrey G. Smith, Esq.

Cuti Hecker Wang LLP
154 Grand Street
New York, New York 10013
By: Mariann Meier Wang, Esq.

Law Offices of Martin E. Restituyo Esq.
135 Avenue of the Americas
2nd Floor

New York, New York 10105
By: Martin E. Restituyo, Esq.

**For Defendants:**
Nassau County Attorney's Office
Carnell T. Foskey
County Attorney
One West Street
Mineola, New York 11501
By: Liora M. Ben-Sorek, Esq.
Robert F. Van der Waag, Esq.

**HURLEY, Senior District Judge**:

The purpose of this Memorandum and Order is to address the Plaintiff's motion asking this Court to direct defendant County of Nassau ("County") "to grant access to the electronic database maintained by or available to its Department of Social Services for the purpose of cross-matching it with the electronic database of class members to uncover updated contact information for those class members." By way of format, relevant background information, the nature of the application, and the County's response will precede the Court's discussion.

## I. Background

The plaintiffs class consists of approximately 17,000 individuals who were strip searched during the class period (*viz*. from May 20, 1996 to and including June 1, 1999) upon their admission to the Nassau County Correctional Center ("NCCC") for misdemeanor or lesser offenses absent reasonable suspicion that they harbored contraband. Some of those individuals were arrested and admitted to the NCCC more than once so that the total of the subject strip searches exceeds the number of class members. After nearly fifteen years of litigation, this Court issued a final judgment on April 10, 2014, against the defendants and in favor of the plaintiff class on the state constitutional claims awarding each member of the class $500.00 per strip

search in general damages for a total aggregate award of $11,508,000.00. (Apr. 10, 2014 Final Judgment at 2.) On June 16, 2016, the Second Circuit Court of Appeals issued its mandate affirming that judgment. Claim forms and notices have been mailed to class members by the Claims Administrator. Claims forms must be postmarked by February 15, 2018 in order to be eligible for payment. The parties report that approximately 12.5% of class members have filed claims for the monetary recovery to which they are entitled.

## II.     Nature of the Application

The database currently being used by the Claims Administrator was created many years ago by the Nassau County Sheriff's Department ("NCSD") and contains the addresses and other contact information which the class members listed at the time of their respective admissions for the Nassau County Correction Center ("NCCC") in the years 1996-99; the information contained therein is thus 18 to 21 years old. The County's Information Technology Department ("NCITD") is currently creating an electronic database of class members that may identify more current contact information for those class members who have been re-arrested and admitted to the NCCC since 1999. In order to reach more class members, plaintiff seeks to have NCITD provide the new class member database to the Nassau County Department of Social Services ("NCDSS") "so that NCDSS can run the class members and their old contact information through the computerized electronic database to which they have access, and cross-reference the 'hits' for updated address and other contact information for those class members." (DE 512-1 at 2.) According to Plaintiffs, the referenced database is one maintained by the New York State Department of Social Services ("NYDSS") containing all recipients of public assistance, food stamps, Medicaid, and other benefits and social services, to which NCDSS has access." (DE512-

4 at 2.) Once this cross referencing was complete, "[u]pdated contact information for the cross-referenced class members - and only such updated contact information - would then be provided by NCDSS to the Claims Administrator, to be used solely for the purpose of locating the 87.5% of class members who have not yet filed claims . . . ." (DE 512-1 at 2.) Plaintiffs argue that although the information contained in the database is deemed confidential under section 21 of the New York Social Services Law, that section incorporates section 136 of the New York Social Services Law pursuant to which the sought disclosure is permissible.

**III. The County's Response**

The County opposes the Plaintiffs' request, citing the "legal impediment . . . that the records at issue belong to New York State, not the County of Nassau, and, further, the records are subject to State and Federal confidentiality provisions." (DE 512-9 at 1.) Specifically, the County maintains that access to New York State's electronic database known as the Welfare Management System ("WMS") was granted to NCDSS "for the limited purpose of implementing various federal and state social services assistance programs" and it " has no authority to use WMS for any other purpose or to grant access to any unauthorized third party, including plaintiff" and "to do so would be a violation of federal and state law . . . ." (*Id*. at 2.) Referencing the most recent report from the Claims Administrator, the County also notes that only 2,656 (of the 17,722 notices that were mailed) have not been delivered.

Having recited the pertinent history of this case, the nature of the application, and the parties' respective positions, the Court turns to the present application.

**IV. Discussion**

The "statutory confidentiality of DSS records is not always sacrosanct, and upon the basis

of a proper showing may be released upon court order after an *in camera* inspection." *People v. Mc Fadden*, 178 Misc.2d 343, 346 (Sup. Ct. Monroe County 1998) (confidentiality of records must yield to right of defendant to be provided with material necessary to his defense), *aff'd*, 283 A.D.2d 1030 (4th Dept. 2001); *accord Zaccaro v. 50 E. 196th Assocs.*, 1997 U.S. Dist. LEXIS (S.D.N.Y. Oct. 23 1997) (granting motion to compel disclosure of social services files for claimant in action for damages due to injuries sustained as a result of infant claimant's ingestion of lead paint on premises on the theory the files might contain information relevant to an alternative causation defense); *W. v. U.*, 44 A.D.2d 727 (2d Dept. 1974) (holding putative father in paternity action was entitled to subpoena welfare department to support his claim that mother had made inconsistent statements concerning parentage of children); *In re Estate of Robinson*, 140 Misc.2d 599 (1988) (in action by mother of decedent to compromise and settle cause of action for minor decedent, limited access granted to guardian ad litem appointed for decedent's father where guardian was not requesting information concerning income or benefits of recipient but only information relevant to the identity of his ward as demand for identify of unknown father necessitated minimal intrusion onto confidentiality of records so that guardian could perform his function): *Paine v. Chick*, 50 A.D.2d 686 (3d Dept. 1975) (in action for damages for personal injury and lost wages lower court properly denied motion to quash a subpoena served on Commissioner of Social Security as it did not jeopardize the real purpose and function of statute restricting disclosure and was justified as there were no income tax returns or employment records with respect to the element of wages involved in the case). *See also Steinberg v. Mount Sinai Med. Ctr. Inc.*, 2014 U.S. Dist. LEXIS 44033 (E.D.N.Y. 2014) (having conducted an *in camera* review, court permits parties access to redacted versions of the confidential records of the

State of New Jersey Department of Children and Families as relevant to federal and state civil claims having balanced the parties' interest in disclosure against the state's legitimate concern for protecting the confidentiality of the requested information).

The Court is cognizant of and sensitive to the privacy and confidentiality provisions relied upon by the County. However, plaintiffs' are not requesting that either they, their counsel, the Plan Administrator. or even the Court be given access to WMS; they are seeking to have the County search for updated addresses and provide them with only those updated addresses - not any information with respect to what, if any, services they are receiving. Moreover, the County is currently in the process of checking for updated records from the Department of Corrections and can provide updated addresses from Corrections and WMS at the same time and therefore plaintiffs would not know from which source the information came from.

Accordingly, the application is granted to the extent that with respect to class members who have not filed claims the County shall run the names of said class members and their contact information through WMS for updated addresses and provide to the Claims Administrator any updated addresses garnered from WMS and from NCCC records at the same time.

**SO ORDERED.**

Dated: Central Islip, New York
      April 10, 2016                          /s  Denis R. Hurley
                                                             Denis R. Hurley
                                                            United States District Judge