UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

In re NASSAU COUNTY STRIP
SEARCH CASES

--------------------------------------------------X

**MEMORANDUM & ORDER**
99-CV-2844 (DRH)

**A P P E A R A N C E S:**

**For Plaintiffs:**
Herbst Law PLLC
420 Lexington Avenue - Suite 300
New York, New York 10170
By:     Robert L. Herbst, Esq.

**For Defendants:**
Nassau County Attorney's Office
Carnell T. Foskey
County Attorney
One West Street
Mineola, New York 11501
By:     Liora M. Ben-Sorek, Esq.

**HURLEY, Senior District Judge:**

The purpose of this Memorandum is to address plaintiffs' application "that the Court retroactively extend the tolling provision from December 13, 2016 to December 13, 2017 to permit class members notified after December 13, 2016 to file their individual lawsuits." (Pls.' Aug. 13, 2017 Ltr. at 1.)

This relief should be granted, plaintiffs argue, because of "the delay in locating and notifying class members which turned out to be more extensive than the parties or the Court originally anticipated - resulting in part from the extensive litigation over [plaintiffs'] motion for access to the DDS database - justifies an extension of the tolling provision to December 13, 2017 so that all class members have the ability to file their individual lawsuits if they are so inclined."

(*Id.* at 2.)

Defendants oppose the application, pointing out that notices were sent out to class plaintiffs in 2009 advising them of the lawsuit and affording them an opportunity to opt out and again in 2013 concerning class counsel's motion for attorneys' fees but the issue of returned mail or incorrect addresses were not raised until late 2016. (Defs.' Sept. 29, 2017 Ltr. at 1-2.)

In reply, Plaintiffs assert it is irrelevant that prior notices were mailed to class members if they were sent to invalid addresses and now that plaintiff has obtained updated addresses from the DDS database, "it is obvious that the old addresses the County originally had in its class member database were inaccurate for thousands of class members." (Pls.' Sept. 29, 2017 Ltr. at 1.)

Preliminarily, the Court notes that in the April 2014 judgment it imposed an equitable toll of the statute of limitations of 180-days from the date of the judgment or, in the event of an appeal, from the issuance of a mandate, for class members to file a lawsuit for damages beyond that awarded in the judgment. Moreover, because the certified class encompasses those strip searched from May 20, 1996 until and including June 1, 1999, the December 20, 2016 expiration date for filing a lawsuit for damages beyond the $500 awarded by the Court is applicable only to individuals who were strip searched anytime from May 20, 1996 to November 16, 1996. (*See* Memorandum & Order dated July 28, 2016 at p. 9). Thus, there are class members for whom the statute of limitations to commence an action for additional damages has not expired. (*See generally id.*)

No information has been provided to the Court as to either the number of class members

as to whom the statute of limitations has expired, whether updated addresses have been garnered for those individuals, whether any of the notices to the updated addresses have been returned or whether any of those individuals have filed claims and if so when. Moreover, when the issue of equitable tolling was raised in July 2016 after the issuance of the Second Circuit's mandate (*see, e.g.*, DE 481, 482, 483, 484, and 485) no argument was made as to the need for additional time arising from returned mail or incorrect addresses although presumably plaintiffs would have been aware of such an issue given the previously sent class notices. Finally, the issue of addresses from the DDS database was not raised until December 20, 2017, at which time the statute of limitations had already run for those strip searched from May 20, 1996 to November 16, 1996. Given the foregoing, Plaintiffs' application is denied.

      **SO ORDERED.**

Dated: Central Islip, New York
      October 4, 2017

/s  Denis R. Hurley
Denis R. Hurley
United States District Judge